The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner W. Bain Jones and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except for minor modifications.
The undersigned concur with counsel for the parties that the statutes and Commission rules provide no definitive guidelines for determining the percentage of loss of vision and whether calculation of the extent of loss includes both near and distant vision. Until revisions and clarifications are made by the Commission to the Industrial Commission Medical Fee Schedule Rating Guide on this issue, the panel accepts the method of calculation of vision loss used by the medical expert in this case, opthalmologist S. M. McKinnon, combining the American Medical Association guidelines with the Snellen Notation in the Commission Rating Guide.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On May 20, 1993, the date of plaintiff's injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On that day, an employment relationship existed between the plaintiff and the defendant.
3. Defendant is self-insured with Key Risk Management Services, Inc. as its servicing agent.
4. The defendant accepted this injury as compensable and began paying the plaintiff-employee temporary total disability benefits in the amount of $334.18 per week on May 28, 1993, based on his average weekly wage of $501.25.
5. On June 3, 1993, plaintiff attempted to return to work with the defendant earning his pre-injury wages. This attempted return to work was after being released by the treating physician, Dr. Steve McKinnon.
EVIDENTIARY RULINGS
The objections appearing in the deposition of Dr. Steve M. McKinnon are overruled.
* * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On or about May 20, 1993, the plaintiff was hit with a nail, sustaining a laceration to his right cornea, iris and lens while working at his job with the defendant.
2. On May 20, 1993, plaintiff was admitted to Iredell Memorial Hospital for emergency surgery by Dr. Steve McKinnon. Dr. McKinnon's post operative diagnosis was corneoscleral laceration, traumatic cataract, and iridodialysis of the right eye.
3. On June 3, 1993, plaintiff attempted to return to work for the defendant earning his pre-injury wages. Plaintiff was paid temporary total disability benefits from May 28, 1993 until June 3, 1993.
4. Plaintiff's physical condition prohibited him from being able to return to his pre-injury job.
5. On October 20, 1993, Dr. McKinnon determined plaintiff's new vision to be 14/70 which equates to 30.1 percent permanent disability rating and his distance vision to be 20/60 which equates to a 51.1 percent disability rating. Using the Snellen Notations and the American Medical Association guidelines, Dr. McKinnon determined the overall vision disability rating to be 85 percent.
6. On March 15, 1995, plaintiff underwent a lens implant operation for his right eye with Dr. McKinnon.
* * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff sustained a compensable injury by an accident arising out of and in the scope of his employment on May 20, 1993 when a nail struck his right eye while working for the defendant.
2. Plaintiff has a permanent partial disability rating of 85 percent to his right eye. Therefore, plaintiff's loss of vision is deemed industrial blindness and compensated as for total loss of vision of the eye. N.C.G.S. Section 97-31(16) and(19).
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay plaintiff permanent partial disability compensation for the total loss of vision in his right eye for a period of 120 weeks at the rate of $334.18 per week. This amount shall be paid in a lump sum, subject to the attorney fee below.
2. A reasonable attorney fee of 25 percent of the compensation due plaintiff under Paragraph One of this award is approved for plaintiff's counsel and should be paid as follows: 25 percent of the lump sum due plaintiff shall be deducted from the sum paid directly to plaintiff's counsel.
3. Defendant shall pay the cost.
This the ____ day of April 1997.
 S/ ______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING: S/ ___________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ___________________ J. HOWARD BUNN JR. CHAIRMAN
LKM/bjp